UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anibal Robles, | Case No. 2:26-cv-00844-CDS-BNW |
| Petitioner | Order Granting the Petitioner's Petition and Denying the Petitioner's Motion for a Preliminary Injunction |
| v. | |
| Markwayne Mullins, et al., | |
| Respondents | [ECF Nos. 1, 2] |

Petitioner Anibal Robles filed his petition for writ of habeas corpus and motion for a preliminary injunction (PI) on March 20, 2026. Pet., ECF No. 1; Mot., ECF No. 2. The respondents filed responses on April 15, 2026. *See* Resp., ECF Nos. 7, 10. I held a hearing on the petition and motion on May 12, 2026. Having considered the parties' arguments, and for the reasons set forth herein, Robles's petition is granted and the motion is denied.

I.    Background

Robles is a citizen of Mexico, who obtained his legal permanent resident status around March 6, 1997. ECF No. 1 at 4; Form I-213, Pet.'s Ex. A, ECF No. 1-2 at 2–3. Over the years, Robles has sustained criminal convictions for both felony and misdemeanor offenses. ECF No. 10 at 1–2. Robles's Form I-213 explains that his current administrative charges include a conviction or commission of a crime involving moral turpitude under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act (INA). ECF No. 1-2 at 3.

Around February 2025, Robles was paroled into the U.S. ECF No. 1 at 2; Parole document, Pet.'s Ex. B, ECF No. 1-2 at 2. On August 18, 2025, ICE took Robles into custody and he was placed into 240 removal proceedings. ECF No. 10 at 2; ECF No. 1-2 at 4. Robles was also served with a Notice to Appear (NTA) before an immigration to render a final determination of his removability from the United States. ECF No. 1-2 at 4.

On November 5, 2025, the immigration court entered an order finding Robles removable but granted a waiver of removal under § 212(h)(1) of the INA. Order, Pet.'s Ex. C, ECF No. 1-4 at 2. The immigration court also determined that Robles established extreme hardship and rehabilitation over the last eleven years. *Id.* at 5. Robles waived his right to appeal, *id.*, but ICE and DHS appealed the waiver around November 26, 2025. ECF No. 10 at 2. This appeal remains pending.

On February 27, 2026, Robles was granted his request to seek a custody redetermination hearing, which included a request for bond. *Id.* In the IJ's order, the custody redetermination was denied because Robles "is charged as an arriving alien." Bond order, Pet.'s Ex. D, ECF No. 1-5 at 2. And the immigration court further found that it lacked jurisdiction. *Id.* As alleged by the respondents, Robles did not appeal this denial. ECF No. 10 at 2.[1]

Because Robles has been detained since August 18, 2025, ECF No. 1 at 1–2, he brings this writ of habeas petition asserting: (1) his detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution, and (2) his continued violates 8 U.S.C. § 1226 of the Immigration and Nationality Act (INA). ECF No. 1.

**II.    Legal authority**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges

---

[1] The petitioner asserts that he is not seeking admission, and he cannot be classified as an arriving alien, regardless of parole. ECF No. 1 at 7. He further argues that because the respondents misclassified him as an arriving alien, he was unlawfully deprived of bond jurisdiction. *Id.*

to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

III.   **Discussion**

    A.  **The petitioner's petition is mature and ripe, and waiver of administrative exhaustion is warranted.**

The respondents argue that this court lacks both subject matter and personal jurisdiction over this action because the petitioner sought bond from an immigration judge and such bond was denied, Robles is required to appeal the bond denial.[2] *Id.* at 9–10. The respondents further argue that Robles has not exhausted his administrative remedies and is not entitled to seek the relief he requests before the court. ECF No. 10 at 2–3. At the hearing, the respondents cited *Lopez v. Garland*, 631 F.Supp.3d 870 (E.D. Cal. Sep. 28, 2022) to support their argument that waiving administrative exhaustion would be premature because the petitioner has not yet been detained a year.

Having considered the information in the pleadings, I find that administrative exhaustion is waived,[3] and further find Robles meets his burden showing relief is warranted. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Administrative exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "The party moving the court to waive prudential exhaustion

---

[2] During the May 12, 2026, the parties represented that Robles does have an appeal pending before the BIA, however it remains pending.

[3] Also during the May 12, 2026 hearing, the petitioner's counsel advised he seeks to incorporate the arguments raised in the motion for preliminary injunctive relief into the petition for writ of habeas corpus. I grant that request and consider all arguments in resolving the pending petition and motion before the court.

requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

This circuit has held "that waiver was appropriate in the case of an alien who challenged the indefinite length of his detention pending removal rather than his removability." *Laing*, 370 F.3d at 1001; *see also Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003); *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003). Indeed, "the starting point of the analysis is the length of detention—both how long the petitioner has been detained and how long the detention is likely to last." *Gonzalez v. Bonnar*, 2019 U.S. Dist. LEXIS 12636, at *14 (N.D. Cal. Jan. 25, 2019) (collecting cases). Other courts have held that that "the potential for irreparable harm to [the] Petitioner, in the form of continued unlawful denial of [bond] hearings for potentially four months or more," was so great that waiver of exhaustion requirement is appropriate. *See Villalta v. Sessions*, 2017 U.S. Dist. LEXIS 162981, at *9 (N.D. Cal. Oct. 2, 2017); *Cortez v. Sessions*, 2018 U.S. Dist. LEXIS 51007 (N.D. Cal. Mar. 27, 2018); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (finding irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing); *Rosales v. Simon*, 2026 U.S. Dist. LEXIS 50660, at *14 (E.D. Va. Mar. 11, 2026) (observing that the federal respondents had "not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before seeking relief" in a habeas proceeding, and refusing to require the petitioner to "sit in an ICE detention facility for months on end while he awaits a BIA decision"). Here, almost nine months have passed since Robles was detained in August of 2025, and it is unclear when Robles's appeal will be resolved. Thus, Robles's detention is neither brief, nor anticipated to end in the near future. Accordingly, waiver of administrative exhaustion is warranted here.

**B.  The petitioner's continued detention violates his due process rights.**

The petitioner asserts that he is a legal permanent resident (LPR) and seeks an order from the court declaring his continued and prolonged detention is unlawful and ordering the respondents to release the petitioner on parole under 8 U.S.C. § 1226(a)(2)(B), or in the

alternative, to provide him a bond hearing under 8 U.S.C. § 1226(a)(2)(A). ECF No. 1.[4] In opposition, the respondents argue that the petitioner has not met his burden in demonstrating that his detention under 8 U.S.C. § 1226(c) is in violation of statutory authority or his due process rights. ECF No. 10 at 2.

Even if Robles's continued detention is statutorily permitted under 8 U.S.C. § 1226(c), it must also comport with due process.[5] The respondents argue that 8 U.S.C. § 1226(c) permits mandatory detention, and requires those detained to be held without release, except for specified exceptions. ECF No. 10 at 7. Moreover, they argue that "[r]esolution is forthcoming." *Id.* at 9. And they assert that the process the petitioner has received in this removal proceeding demonstrates no lack of procedural due process. *Id.*[6]

Section 1226(a) "is the default detention statute for noncitizens in removal proceedings." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." *Id.* "Although section 1226(a) sets out a discretionary detention scheme, section 1226(c) provides an exception which mandates detention for certain criminal noncitizens." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1115 (E.D. Cal. 2025). Specifically, 8 U.S.C. § 1226(c)(1)(A) provides that the "Attorney General shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A).

In *Denmore*, the Supreme Court rejected a due process challenge to § 1226(c), and explained that Congress drafted § 1226(c) to respond to the high rates of crime and flight by removable non-citizens convicted of certain crimes, and held that "the Government may

---

[4] The petitioner also seeks attorney's fees under the EAJA. ECF No. 1 at 9. I deny his request, without prejudice, as premature because the court has not yet entered a final judgment.

[5] The court does not make a determination whether the petitioner is detained under § 1226(a) or (c) as its unnecessary to addressing Robles's requested relief. But for judicial efficiency, I nonetheless analyze the respondents' arguments.

[6] I note for the record that the respondents do not assert that the IJ made any findings of flight risk or danger to the community. Nor does the record indicate that the IJ made separate findings outside of finding that it lacked jurisdiction. ECF No. 1-5 at 2.

constitutionally detain deportable [non-citizens] during the limited period necessary for their removal proceedings." 538 U.S at 518–21, 526. The Supreme Court distinguished *Zadvydas* by emphasizing that mandatory detention under § 1226(c) has "a definite termination point" and "in the majority of cases it lasts for less than the 90 days . . . considered presumptively valid in *Zadvydas*." *Id.* at 529. Justice Kennedy specifically noted that "a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." *Demore*, 538 U.S. at 532 (Kennedy, J., concurring).

While the government is entitled "to carry out its duty to enforce the mandates of Congress, it must do so in a manner consistent with our constitutional values." *Rodriguez*, 715 F.3d at 1146. The respondents only conclusively assert that resolution is forthcoming, but provide no evidence to support this, much less a timeline.[7] Moreover, the respondents' appeal to the IJ's order remains pending. Given that Robles is rapidly approaching one year in detention, I find his detention has become unreasonable and therefore he is entitled to a bond hearing to determine if he is a flight risk or will be a danger to the community, and his continued detention without a fair opportunity to be heard violates his due process rights.

Accordingly, I grant Robles's petition to ensure the U.S. Constitution's values are upheld. The petitioner is entitled to a prompt and individualized bond hearing, at which the respondents must justify his continued detention by a showing of clear and convincing evidence that the petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *see also Martinez v. Clark*,

---

[7] During the May 12th hearing, respondent's counsel disclosed that there is no clear timeline for resolution of Robles's appeal.

124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

**IV.      Conclusion**

IT IS HEREBY ORDERED that Robles's petition **[ECF No. 1] is GRANTED.**

IT IS FURTHER ORDERED that the respondents give Robles a bond hearing by May 20, 2026. The respondents must file a status report within 48 hours of the bond hearing advising (1) when the hearing occurred and (2) the outcome of that hearing.

IT IS FURTHER ORDERED that the petitioner's motion for a preliminary injunction **[ECF No. 2] is DENIED as moot.**

Dated: May 13, 2026

_____
Cristina D. Silva
United States District Judge